Good morning, Your Honors. David Swicklow appearing on behalf of the Plaintiff Appellant Daniel J. Miller. After 28 years of service by Mr. Miller to the City of Los Angeles, he asked this Court to reverse the District Court's grant of the federal court motion to dismiss the 12B6 motion to afford Mr. Miller his first opportunity to have his case heard on the merits. I think he had a pretty good opportunity in the State Court. I mean, he presented the case, he lost, 1738 says we've got to pay attention to what the State Court did. That's absolutely wrong. He did not have a chance to present his case. Where in the record does it say that the hearing officer prevented him from testifying? In the record, he attempted to present the evidence of Mr. Williams and was not afforded that opportunity. And in the record, the hearing officer made the comment to the effect that had he testified, I would have taken it into consideration. There was a kind of a backhanded comment that even if he did testify, then suggesting that he did not testify. And Mr. Miller was not afforded his opportunity to present either the evidence or the sworn declaration. Getting back to Your Honor's point, the only thing that was raised in the State Court was whether or not he filed a writ of mandamus. That was the only point that the State Court considered. There was no hearing on the merits at all. You either filed the procedure and filed your writ of mandamus or not. It was established that he did not. There was no, absolutely no hearing on the merits at all. Here's my problem, though, and that is 28 U.S.C. 1738 requires us to give preclusive effect to a State Court judgment to the same degree the State Court would give preclusive effect to that judgment. You have an adjudication on the merits from the California State Court system, and it looks as though it takes care of the claims that you're now seeking to advance here. You keep saying it was taken care of on the merits at the State Court. That's not accurate. It was a dismissal without leave to amend, and on the merits is a dismissal without leave to amend. It may very well be that it's not summary judgment, it's not after trial, but it's on the merits for purposes of preclusion. That's my problem with your case. Well, we cited cases to suggest that the preclusive doctrine does not apply to 1983 claims. That's the Honey case. That's just not true. Well, that's what the Honey case said. No, you cannot bring a 1983 claim to State Court, lose it, and then relitigate it in Federal court as if your State Court proceeding had never happened. I would agree if he had his opportunity to present his case on its merits at the State Court. I mean, by not filing a writ of mandate or a writ of mandamus, that's what State law gives him as his remedy, isn't it? I mean, assume that everything you say is true, then his remedy is to file a writ of mandamus, file a petition for a writ of mandamus, and get it granted, and then there he is. Which he didn't. I agree. But, again, he did not ever have a full hearing. I understand that, but the reason he didn't is his own fault. I mean, he cut off his own nose. If he were to file a petition for a writ of mandamus, then there he goes, and possibly he would get the State Court to reverse, and now he gets his rightful hearing. I agree. By not following through on his procedure, on his procedural rights, hasn't he waived it? But even in the State Court proceedings, he did not present Federal claims. Those were State Court claims and or seeking reversal of the administrative hearing. I understand, but claim preclusion and issue preclusion apply, don't they? I mean, if you fail to, you have the opportunity to be heard, and you don't follow through on the opportunity in State Court, then you can't come to Federal Court and say, those SOBs in State Court didn't give me the opportunity because I didn't seek it, and so now I'm going to speak. Well, it all goes back, then, to the administrative hearing. What was he allowed to actually present at the administrative hearing? What we have here is administrative hearing goes bad, State Court adopts bad administrative hearing, Federal Court adopts State Court bad procedure. The reason we do this is because your client didn't follow the right procedure. He didn't seek a writ of mandamus. Well, he had the option, we're saying, to have pursued his Federal Court claims in a different forum, in the district court forum. Well, let's go back to the administrative hearing again. Williams was your client's key witness? Correct. Correct. And Williams, if I remember the record right, was there at one point. He was there on the first day, ready to testify and not allowed to testify. Had he been subpoenaed? I'm sorry? What do you mean he wasn't allowed to testify? The nature of the process, the evidence, the way the evidence came out, he was there but not called and not allowed to testify that day. Well, not allowed begins to sound like somebody says I'm not allowing you to testify. On the day that he was there, nobody said I'm not allowing you to testify. It just didn't happen that he was called, right? Correct. All right. Was he subpoenaed for that day? No. No. Then he didn't show up. Was he subpoenaed? No. No. Well, whose fault is that? I mean, if he'd been subpoenaed, then you'd have had a different handle on the whole thing. But he wasn't subpoenaed. Well, there was a request on the first day to have Mr. Miller, I'm sorry, Mr. Williams testify on that day. And when he was not able to testify, in lieu of his testimony, he offered to submit a sworn declaration, which was rejected by the hearing officer. Well, then the hearing went on and he wasn't there, but he hadn't been subpoenaed. Whose fault is that? Well, he had, in essence, testimony. What are you saying in essence? In essence doesn't cut it. A declaration is, in essence, testimony under oath that was not considered by the administrating hearing officer. And where's the rule that says that the hearing officer must accept the declaration? Well, there's no rule that says she shouldn't. I mean, is somebody who files a declaration subject to cross-examination by the other side? Sure. But in administrative hearing, hearsay rules don't, formal hearsay rules don't even apply. He didn't even have to submit a sworn declaration. Well, it would have been not only nice, but appropriate to have had him subpoenaed or ordered to return. Had Mr. Miller been represented, that would have been the proper course. He was improper. He didn't, but it didn't happen. You see, so I'm having a hard time buying your argument that somehow somebody affirmatively prohibited or prevented Williams from testifying. I think you're characterizing it in a way that helps you, but I can't find the facts there that do. Because he was there, he didn't show up, he wasn't subpoenaed. Then the second step, they submitted a declaration in lieu, which was rejected. Again, two opportunities, perhaps, to have a full hearing. Two opportunities denied. And then the compounds, the state court says, well, you didn't file the writ, okay, there's still no hearing on the merits. And then the district court follows the state court. Still no hearing on the merits. Let me follow another thread here, because I want to make sure that I've got this. You've got pre-termination claims as well as termination claims. Correct. Are they separable? Yes, absolutely, separate claims. And on the pre-termination claims, what should we do with those? Those have been dismissed as well. I mean, the entire ball of wax was dismissed. And those were in your state court complaint, correct? Correct. Those were dismissed on the merits in the sense of with prejudice without leave to amend, correct? Correct. Okay. For me, that game's over. That is to say, right or wrong, we're required to abide by a decision, quote, on the merits by the state court, whether it's right or wrong. Even though the preclusive doctrine doesn't apply to 1983 claims. I'm not going to try and snatch defeat from the jaws of victory. If there's any questions the court has, anything I can clear up, I'd be happy to. Anything to say about Mr. Williams and his situation? Mr. Williams, there was a pre-termination claim.   I'm guessing from the record not time for him to testify the first day. He did not come the second day. He had not been subpoenaed. And, in fact, the report from the hearing officer shows that she did consider his declaration. She understood that he gave permission for one of the two trailers, but she found that he did not get permission for the second trailer and did not know anything about the extensive repairs needed on the first trailer. So it's not a matter of him not being able to present a defense. That's in her formal report? Yes, it is. She considered it and rejected it. So it was before her and just not accepted. Can you talk about the selfies, guys? Yeah, that was really kind of sad, but they'll still win it. The selfies, ma'am. Sorry. Okay. Thank you. Thank you, Your Honor. I have nothing further. Are there any further questions? No, sir. Do you have any response? Because that's what I remember, too, that she did discuss the declaration. There was a fleeting comment about trying to consider. My recollection is the Williams declaration. But even if he testified or something like that, I wouldn't have gone with that version. Yes. Appreciate it. Thank you, Your Honor. Thank you. Thank both sides for your argument. Memoir v. Los Angeles now submitted for decision. The next case on the argument calendar, Bautista v. Parkwest Gallery.
judges: Mahan, Trott, Fletcher W.